## LEVI P. ROWLAND *vs.* ROBERT E. COOPER.

One who signs a receipt for goods attached, agreeing to redeliver them to the attaching officer or his order on demand, free from all charge and expense to the officer or the creditor, cannot discharge himself by an offer to redeliver them before demand, unless expressly authorized so to do by the terms of his receipt.

ACTION OF CONTRACT by a deputy sheriff upon a receipt taken for goods attached by him. Trial in the superior court

before *Rockwell*, J., to whose rulings the defendant excepted. The case is stated in the opinion.

*N. A. Leonard*, for the defendant.

*S. E. Seymour*, for the plaintiff.

Dewey, J. The receipt given by the defendant to the plaintiff states upon what process the goods were attached, and the time when the same was returnable into court, apprising the defendant fully of the relation of the plaintiff to the property, and his occasion for demanding it at a future day, to be levied upon by an execution. The defendant, by the terms of his contract, " promises and agrees safely to keep and to redeliver all the property to said officer or his order on demand, to be delivered at the store of Horace Holcomb in the like good order and condition that the same is now in, free from all charge and expense to the said officer or the creditor." Judgment having been duly rendered in the action, an execution was issued thereon and placed in the hands of the officer, who in thirty days demanded the same of the defendant, but the same was not then redelivered; and the further question is whether under the terms of this receipt the defendant has discharged himself, by his offer pending the action upon which the goods were attached, and before judgment therein, to redeliver said goods, and a request to the officer to go to Holcomb's store with him and receive the same, the plaintiff neglecting and refusing to comply with such offer.

The presiding justice ruled that the officer was not obliged to accept the goods as thus offered, and that such offer did not constitute a defence to the present action. This ruling, in the opinion of the court, was correct. The contract was " safely to keep and to redeliver the property to the said officer on demand." This gave no authority to the receiptor at his own wish to redeliver the property, but he was to keep the same until demanded by the officer. Giving this effect to the receipt, it is effective as an arrangement to secure the purposes of the attachment, and a permanent disposition of the custody of the property until it is required for a levy thereon to satisfy the judgment. But the construction of the receipt assumed by the defendant would subject the officer to the liability of having

the goods returned to him the next day after they were receipted for, and this as often repeated as the various subsequent receiptors might elect. Further, by the terms of this contract, the goods were to be kept " free of charge or expense to the officer or the creditor." This was a valuable privilege, and when once secured by the contract of a receiptor the officer may well insist upon this stipulation. It may be more beneficial than to have the goods redelivered to him, to be thereafter kept at his or the creditor's cost and charges. But if the property were held to be returnable at the election of the receiptor, this provision would be defeated from the time of such return.

Upon this question we find an adjudication by the supreme court of New Hampshire in the case of *Scott* v. *Whittemore*, 7 Foster, 309, where it was held that a receiptor cannot discharge himself from his contract to keep and return the property attached by an officer, by a notice to such officer that he will return the property on a given day, unless the contract contains a provision for that purpose. Such a provision may always be inserted when such is the intended arrangement, and thereby effectually secure such privilege to the receiptor.

In the absence of any such stipulation, the court are of opinion that such right does not exist at the election of a receiptor.

The defence relied upon was not a valid one, and a verdic' was properly rendered for the plaintiff.

*Exceptions overruled.*